# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DAVID MICHAEL HENSEL,<br>71 S 6th St.<br>Port Townsend, WA 98368<br>                      Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br>U.S. Attorney<br>700 Stewart St., Ste 5220<br>Seattle, WA 98101<br><br>                    Defendant, | NO. 2:93-CR-0196-1 ~~JCC~~ RSL<br><br>MOTION FOR RELIEF FROM RESTITUTION AND EXPIRED JUDGMENT LEIN<br><br>____FILED<br>____LOGED    [MAIL]<br>____RECEIVED<br><br>FEB 11 2021<br><br>AT SEATTLE<br>CLERK U.S. DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>BY                      DEPUTY |

    I, David Hensel, Pro Se, come before the court requesting relief and the return of monies from the U.S. Attorney's office attempts at collection of restitution for the following reasons:

1. Sentencing for petitioner was prior to the effective date of Apr. 24, 1996 for 18 U.S.C. 3613 (b)

2. The original lien filed in or around October 1993 expired after 20 years without attempt for renewal by Respondent. Therefore, a second lien is not allowed.

3. The government does not have the authority to collect restitution from petitioner.

4. There is an ex post facto violation.

5. The return of any-and-all monies collected via garnishments, requested monthly payments, tax refunds, and by any other means since July 2018.

MOTION
USDC#: 2:93-CR-0196-1
Page 1 of 11

DAVID M. HENSEL
PRO-SE LITIGANT
MAILING ADDRESS: 71 S 6TH ST,
PORT TOWNSEND WA 98368
TELEPHONE: 360-301-9012
EMAIL: TRIEDLOSTFOUND@YAHOO.COM

## Jurisdiction

Petitioner was originally sentenced in this court and all appeals have been heard in this court.

## Procedural History

In 1993, when Petitioner was sentenced for armed bank robbery, he was ordered to pay approximately $912,842.34 in restitution and sentenced to terms of 180 months incarceration and 5 years supervised release. At the time, restitution was authorized by the VWPA. 18 U.S.C. 3663(a)(1)(A) (providing that a district court "may order" a defendant make restitution to any victim of the offense of conviction). On or around March 16, 1998, petitioner's restitution was reduced to approximately $250,350, including special assessment.

On or about August 23, 2018, the Seattle U.S. Attorney's office sent petitioner a letter stating that his account was delinquent and requested monthly payments in the amount of $100 by the 15th of each month. On September 19, 2018, the respondent filed for garnishing petitioner's wages. Petitioner's appealed the garnishment and was denied.

## VWPA v. MVRA

In 1993, the VWPA provided that the government may enforce a restitution order "(A) in the manner provided for the collection and payment of fines in subchapter B of chapter 229 of this Title [18 U.S.C. 3613 (1993)]; or (B) in the same manner as a judgment in a civil action." 18 U.S.C. 3663(h) (1993). The 1993 version of 3613 (b) states that "[a] lien becomes unenforceable and

MOTION
USDC#: 2:93-CR-0196-1
Page 2 of 11

DAVID M. HENSEL
PRO-SE LITIGANT
MAILING ADDRESS: 71 S 6TH ST,
PORT TOWNSEND WA 98368
TELEPHONE: 360-301-9012
EMAIL: TRIEDLOSTFOUND@YAHOO.COM

liability to pay a fine expires (1) twenty years after the entry of judgment; or (2) upon the death of the individual fined." Congress has clearly stated that the MVRA only applies prospectively. Section 211 of the AEDPA (Antiterrorism and Effective Death Penalty Act) states that the amendments made to the VWPA by the MVRA "shall, to the extent constitutionally permissible, be effective for sentencing proceedings in cases in which the defendant is *convicted* on or after the date of enactment of [the AEDPA]." Pub. L. No. 104-132, § 211, 110 Stat. at 1241 (Emphasis added) The AEDPA was enacted on April 24, 1996. Because Petitioner was convicted in 1993, he was not convicted on or after the enactment of the AEDPA. Most recently in United States of America, plaintiff, v. Jermon Rodriguez Clark, defendant., (no. 2:94-cr-00001-03, 2020 wl 7364609, at *2 (e.d. tex. Dec. 15, 2020)) it was decided "The plain language of the MVRA provides for its prospective application *only*, which precludes its retrospective application." *Walker*, 698 F. App'x at 585 ("given Congress's stated intent that the MVRA apply only to defendants convicted on or after 24 April 1996, the district court erred in applying retroactively a provision of the MVRA to [defendant's] 1995 sentence."); *Duke*, 739 F. App'x at 972 ("because [defendant] was convicted before April 24, 1996, the district court erred in applying the Mandatory Victims Restitution Act.") United States v. Fuentes, 107 F.3d 1515, 1527 n.20 (11th Cir. 1997) (explaining that the MVRA does not apply to a defendant convicted before April 24, 1996). This express Congressional intent is a threshold matter that was never brought to the attention of the Ninth Circuit in United States v. Blackwell, 852 F. 3d 1164 (9th Cir. 2017) and U.S. V. Richards (472 Fed.Appx. 523, 9th Cir., 2012).

Additionally, "a court must 'apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative

MOTION
USDC#: 2:93-CR-0196-1
Page 3 of 11

DAVID M. HENSEL
PRO-SE LITIGANT
MAILING ADDRESS: 71 S 6TH ST,
PORT TOWNSEND WA 98368
TELEPHONE: 360-301-9012
EMAIL: TRIEDLOSTFOUND@YAHOO.COM

history to the contrary.' *Bradley* [*v. School Bd. of Richmond*, 416 U.S. 696, 711, 94 S. Ct. 2006, 2016, 40 L.Ed.2d 476 (1974)]." 968 F.2d 427, 432 (CA5 1992). <u>Landgraf v. USI Film Prod.</u>, 511 U.S. 244, 249, 114 S. Ct. 1483, 1488, 128 L. Ed. 2d 229 (1994). In the 1994 amendment to the MVRA specifically States in the notes that it is to take affect April 24, 1996 which specifically gives direction for a beginning date to the amendment.

Any conclusion that the MVRA "20 years after the release from imprisonment" amendment to § 3613(b) does not violate the Ex Post Facto Clause is irrelevant because it assumes a premise that there was Congressional intent that the MVRA apply retroactively. To the contrary, and as the Eleventh Circuit acknowledges, the MVRA expressly requires that it apply to sentences for convictions on or after its enactment date in 1996. Supra. Congress could have addressed releases after 1996 that were based on sentencing before 1996, but it chose not to. This leaves its applicability to only convictions after 1996. Because Congress did not intend for the MVRA to apply to Petitioner's 1993 conviction to begin with, any Ex Post Facto argument is misplaced regarding the MVRA which means the amendment expressly does not apply.

**The lien against the defendant should be released because it acts as a civil judgment which expires after 20 years unless timely extended, and here the lien was imposed in 1993 and never extended.**

MOTION
USDC#: 2:93-CR-0196-1
*Page 4 of 11*

DAVID M. HENSEL
PRO-SE LITIGANT
MAILING ADDRESS: 71 S 6TH ST,
PORT TOWNSEND WA 98368
TELEPHONE: 360-301-9012
EMAIL: TRIEDLOSTFOUND@YAHOO.COM

The U.S. Attorney's office did their job in 1993 when they filed a lien against petitioner (Exhibit A), as was their prerogative, under the VWPA at the time. Twenty years later, in 2013 when the lien automatically expired, neither the financial institutions nor the U.S. Attorney's office pursued to have the lien extended prior to its expiration. Under some U.S. Codes, liens can be extended for another 20 years provided a request is made through the courts and is approved prior to the expiration date (28 U.S.C. 3201 (c)). Then again in August 2018, 5 years after the expiration of the first lien, the government placed a second lien against petitioner (Exhibit B).

Codes dealing with liens generally state that a lien may be placed against defendant in favor of the government. In some instances, as mentioned above, a lien can be extended an additional 20 years provided certain requirements are met. Nowhere does a code say a second lien can be imposed any time after a first lien had expired. This could be construed to border on double jeopardy.

### Ex Post Facto

The Ex Post Facto argument has been argued quite a bit in the ninth circuit in relation to MVRA. Decisions generally have been decided that applying MVRA to the VWPA is not ex post facto but rather procedural since restitution was already ordered, and additional punishment is not being inflicted. However, there are a couple factors that have not been considered regarding this. The first is found in U.S.C.A. Const. Art. I, section 9, clause 3, Ex Post Facto Laws. It states "Retroactive applications of statutes are not always appropriate; indeed, statutes affecting substantive rights and liabilities are presumed to have only prospective effect absent clear statements by Congress to the contrary. U.S. v. Ettrick Wood Products, inc., W.D.Wis. 1988, 774 F.Supp. 544, adopted in part 683 F.Supp. 1262." The second is found in United States v.

MOTION
USDC#: 2:93-CR-0196-1
Page 5 of 11

DAVID M. HENSEL
PRO-SE LITIGANT
MAILING ADDRESS: 71 S 6TH ST,
PORT TOWNSEND WA 98368
TELEPHONE: 360-301-9012
EMAIL: TRIEDLOSTFOUND@YAHOO.COM

Norwood (819 Fed.Appx 124 footnote 1). There it says, "In <u>Edwards</u>, we held that applying the MVRA's mandatory restitution scheme instead of the VWPA's discretionary restitution scheme to a defendant who committed his crimes before the MVRA's effective date would constitute an ex post facto violation because the MVRA "increased the punishment for [the defendant's} crimes" by "alter[ing] his fiscal responsibility for {their} consequences." 162 F.3d at 89. The same may be true here. Although applying the MVRA version of 3613(b) would not directly increase the <u>amount</u> of Norwood's restitutionary liability, it would increase the <u>duration</u> of his liability and thus, as a practical matter, might increase the amount that he ultimately must pay." This falls in line with the judgement in petitioner's case (Exhibit C) wherein it says, "Additional restitution payment are to be deducted defendant's inmate recovery payment program while incarcerated, with the remaining balance to be paid within five years of defendant's incarceration, in equal monthly installments, commencing 30 days after defendant's release from custody." These are extremely specific instructions by the court which parallel the VWPA (as well as the length of liens) that was in effect at the time. In the1994 version of VWPA (18 U.S.C. 3613(b) provides for a 20-year period of restitutionary liability running from "<u>the</u> entry of <u>the</u> judgement." (emphasis added). Deviation from this would alter the courts order and alter petitioner's sentence for restitution.

To conclude, pursuant to the VWPA, Petitioner's restitutionary <u>liability</u> period expired in 2013, 20 years from his 1993 conviction. See 18 U.S.C. § 3613(b) (1993).

**Modified Restitution**

It could be argued that the modification of restitution in 1998 postdates the MVRA amendment in 1996. However, the 1998 restitution modification was just that, a modification and

MOTION
USDC#: 2:93-CR-0196-1
Page 6 of 11

DAVID M. HENSEL
PRO-SE LITIGANT
MAILING ADDRESS: 71 S 6TH ST,
PORT TOWNSEND WA 98368
TELEPHONE: 360-301-9012
EMAIL: TRIEDLOSTFOUND@YAHOO.COM

The government is doing its due diligence because it believes a debt is owed to them. A debt due to the government is outlined in H.R. REP. 101-736 and States:

> "(3) 'Debt' means–
> "(A) an amount owing to the United States on account of a direct loan, or loan insured or guaranteed, by the United States; or
> "(B) an amount originally due the United States on account of a fee, duty, lease, rent, service, sale of real or personal property, overpayment, fine, assessment, penalty, restitution, damages, interest, tax, bail bond forfeiture, reimbursement, or recovery of a cost incurred by the United States;
> and includes any amount due the United States for the benefit of an Indian tribe or individual Indian, but excludes any amount to which the United States is entitled under section 3011.

This makes sense while petitioner was incarcerated and under supervision since payments are generally funneled through the DOJ. At sentencing, petitioner was given a special assessment of $350 (which is a debt owed to the government), restitution, and no fines (Exhibit D). The special assessment was due and paid soon after sentencing. The restitution part of sentencing was specifically payable to four separate financial institutions listing the amount owed to each and not due to the FDIC (Exhibit E). That makes this restitution order unlike, say, "federal tax indebtedness--which is owed to the government and which, when collected, is deposited in the Treasury--is a debt for purposes of the FDCPA." See Markham v. Fay, 74 F.3d 1347, 1354 (1st Cir.1996). This was monies taken from private corporations, not insured under the FDIC, and therefore not a under the U.S. Attorney's purview or "a debt for purposes of the FDCPA." In Geiger v. Federal Bureau of Prisons (487 F. Supp. 2nd 1155, 9th Cir., 2007, footnote 7), they quote *United States v. Rostoff,* (164 F.3d 63, 69, 1st Cir.1999) wherein "[O]nly restitution debts owed *to the United States* may be collected via the FDCPA." (emphasis in original). Any recovery of

MOTION
USDC#: 2:93-CR-0196-1
*Page 8 of 11*

DAVID M. HENSEL
PRO-SE LITIGANT
MAILING ADDRESS: 71 S 6TH ST,
PORT TOWNSEND WA 98368
TELEPHONE: 360-301-9012
EMAIL: TRIEDLOSTFOUND@YAHOO.COM

restitution owed after release from supervised release need be taken by the victims (in this case the financial institutions) and not the U.S. Attorney's office. In Exhibit C (page is titled Restitution and Forfeiture) it lays out that petitioner was to make payments to the "United States Attorney for transfer to the payee(s)." This specifically shows this is not a debt to the government. Further down the page Judge Dimmick adds that "Additional restitution payments are to be deducted defendant's inmate recovery payment program while incarcerated, with the remaining balance to be paid within five years of defendant's incarceration, in equal monthly installments, commencing 30 days after defendant's release from custody." The Judges' order shows the U.S. Attorney's office involvement in collection of restitution in this case ended at the end of petitioner's supervised release. This could be the reason collection efforts beyond 2013 did not happen since they understood the restitutionary liability period to collect restitution ended at the time petitioner was released from prison and as such inaccuracies in petitioner's financial disclosure statement[1] was not followed up on.

### Conclusion

In 1996 Congress had an opportunity to add restitution in the MVRA amendments however chose not to do so until the 2016 amendment. Until 2016, 18 U.S.C. 3613 (b) did not have a provision for the length of time restitution could be collected much less any verbiage as to restitution. At that time of the new amendment, restitution was added specifically without any notes as to its effective date. There are many statutes pertaining to ordering of and ways to collect

---

[1] The Financial Disclosure Statement was filled out and signed by petitioner on March 31, 2010 on general instructions page, a full year before release from supervision, (signed and dated March 31, 2011 on page 18) the probation office nor the U.S. Attorney's office had any interest in what transpired after petitioner's release. Furthermore, the petitioner failed to sign and date four separate areas in the Financial Disclosure Statement located on pages 16 and 17 and altered a time limit on page 18 from five years to five weeks. No action was taken by the probation office nor from the U.S. Attorney's office to correct these errors indicating the end of petitioners restitutionary liability period.

MOTION
USDC#: 2:93-CR-0196-1
Page 9 of 11

DAVID M. HENSEL
PRO-SE LITIGANT
MAILING ADDRESS: 71 S 6TH ST,
PORT TOWNSEND WA 98368
TELEPHONE: 360-301-9012
EMAIL: TRIEDLOSTFOUND@YAHOO.COM

restitution, but, not until the "Justice for All Reauthorization Act of 2016" was there any language for time limits to collect restitution. It was nearly two years after that addition that the respondent requested payment from petitioner, five years after their last attempt for payment, and five years after the first lien had expired. This first lien was filed in or around October 1993 under the Criminal Fine Enforcement Act of 1984 (18 U.S.C. 3565) and was to last 20 years. The respondent did not file a request to the court to continue it and it expired. In 2018 another lien was filed pursuant to 18 U.S.C 3613 (c).

If the MVRA is the controlling code in collecting restitution given under VWPA, then there is a clear contradiction. Under MVRA, a payment schedule is supposed to be set up by the District court. This did not happen in either court the petitioner was given restitution in. There was not any mention or inference to the MVRA during petitioners hearing in 1998 nor added to the restitution amendment. If the MVRA in the 9th circuit is just procedural to collect from defendants sentenced under VWPA, why did the government need to wait until 2018 to continue pursuing payment from petitioner?

**Petitioner request to have all actions by the U.S. Attorney's against petitioner to cease immediately, remove all liens against him, and return all monies collected and taken from him since July 2018 returned to him, remove any-and-all liens, and cease any further actions against petitioner.**

DATED this 9th day of February 2021.

MOTION
USDC#: 2:93-CR-0196-1
*Page 10 of 11*

DAVID M. HENSEL
PRO-SE LITIGANT
MAILING ADDRESS: 71 S 6TH ST,
PORT TOWNSEND WA 98368
TELEPHONE: 360-301-9012
EMAIL: TRIEDLOSTFOUND@YAHOO.COM

*signature*

David M Hensel
Pro-Se Litigant
Mailing Address: 71 S. 6th St
                       Port Townsend, WA  98368
Telephone:  360-301-9012
E-mail:  triedlostfound@yahoo.com

MOTION
USDC#: 2:93-CR-0196-1
*Page 11 of 11*

DAVID M. HENSEL
PRO-SE LITIGANT
MAILING ADDRESS: 71 S 6TH ST,
PORT TOWNSEND WA 98368
TELEPHONE: 360-301-9012
EMAIL: TRIEDLOSTFOUND@YAHOO.COM

A

365314

# DEPARTMENT OF JUSTICE

## NOTICE OF LIEN FOR FINE OR PENALTY IMPOSED PURSUANT TO THE CRIMINAL FINE ENFORCEMENT ACT OF 1984

United States Attorney's Office for
Western District of Washington

Serial Number
9300570/01

NOTICE is hereby given of a lien arising under the Criminal Fine Enforcement Act of 1984 (18 U.S.C. §3565; repealed Nov. 1, 1987 but applicable to offenses committed on or after Jan. 1, 1985 and prior to Nov. 1, 1987) against the property of the defendant named below in favor of the United States. A judgment imposing the payment of a fine or penalty shall, upon the filing of a notice of lien in the manner in which a notice of tax lien would be filed under section 6323(f) of the Internal Revenue Code of 1954, be a lien in favor of the United States upon all property and rights of property belonging to the defendant for the amount of the fine or penalty, interest, costs, special assessments, and additional penalties that may accrue. For the purposes of any State or local law, a notice of lien for a judgment imposing a fine or penalty shall be considered a lien for taxes payable to the United States.

Name of Defendant   HENSEL, David Michael

Residence   31 South 7th Street, Port Townsend, WA  98368

Amount of Fine or Penalty   $912,824.34

Court Imposing Judgment   U.S. DISTRICT COURT, SEATTLE, WA.

Court Number   CR93-0196

Date of the Entry of Judgment   AUGUST 6, 1993

Rate of interest during period when payment is deferred by the Court: 18% per year. This fine or penalty is subject to additional interest at the rate of 1.5% per month of any amount past due, and to possible penalties equal to 25% of the amount past due, as provided by 18 U.S.C. §3565(c)(1) and (c)(2), respectively.

IMPORTANT RELEASE INFORMATION--With respect to the lien listed above, this notice shall operate as a certificate of release pursuant to 18 U.S.C. §3565(h) on __AUGUST 6, 2013__ .

Place of Filing   Jefferson County Recorder, Port Townsend, WA 98368

This notice was prepared and signed at __U.S. ATTORNEY'S OFFICE__
on this, the ____ day of _____ October, 1993.

Signature

LIS WIEHL
Assistant U. S. Attorney

vol. 434 pg. 540

3600 SEAFIRST 5TH AVENUE PLAZA
SEATTLE, WA  98104

OCT 2 5 1993

08/28/2018 09:16:55 AM $99.00 US ATTY'S OFFICE-WAW-FLU PO#DJJ12-X-(
Jefferson County WA Auditor's Office - Rose Ann Carroll, Auditor
ELECTRONICALLY RECORDED

RETURN TO:  J. Marks, Financial Litigation Unit
U.S. Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271

## DEPARTMENT OF JUSTICE NOTICE OF LIEN FOR FINE AND/OR RESTITUTION IMPOSED PURSUANT TO THE ANTI-TERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

NOTICE is hereby given of a lien against the property of the defendant named below. Pursuant to Title 18, United States Code, Section 3613(c), a fine or an order of restitution imposed pursuant to the provisions of subchapter C of Chapter 227 is a lien in favor of the United States upon all property belonging to the person fined or ordered to pay restitution. Pursuant to § 3613(d), a notice of lien shall be considered a notice of lien for taxes for the purposes of any State or local law providing for the filing of a tax lien. The lien arises at the time of the entry of judgment and continues until the liability is satisfied, remitted, or set aside, or until it becomes unenforceable pursuant to § 3613(b).

**NAME OF DEFENDANT:** David Michael Hensel

**AMOUNT OF FINE OR PENALTY:** $250,350.00
(fine, restitution, special assessment plus penalties, interest, and costs, as applicable).

**COURT IMPOSING JUDGMENT:** United States District Court for the Western District of Washington

**COURT NUMBER:** 2:93-CR-0196-1    **DATE OF ENTRY OF THE JUDGMENT:** March 16, 1998

**RATE OF INTEREST DURING PERIOD WHEN PAYMENT IS DEFERRED BY COURT:** Interest to be charged pursuant to 18 U.S.C. § 3612. Rate of interest is 0%. If payment becomes past due, possible penalties totaling up to 25% of the principal amount past due may arise - 18 U.S.C. § 3612(g).

**IMPORTANT RELEASE INFORMATION:** With respect to the lien listed above, this notice shall operate as a certificate of release, and liability to pay shall terminate the later of twenty (20) years from the date of judgment, or twenty (20) years after the release from imprisonment, or upon the death of the individual fined, pursuant to Title 18, United States Code, Section 3613(b).

**PLACE OF FILING:** Jefferson County Recorder, WA

This notice was prepared and signed at the United States Attorney's Office this 24th day of Aug, 2018.

_____
KYLE A. FORSYTH
Assistant United States Attorney, WSBA #34609

* For more information about this lien, please call the Financial Litigation Unit of the United States Attorney's Office for the Western District of Washington at 206-553-1866.

Defendant: David Michael Hensel
Case Number: CR93-0196D

Judgment—Page 6 of 8

EXHIBIT C

# RESTITUTION AND FORFEITURE

## RESTITUTION

__X__ The defendant shall make restitution to the following persons in the following amounts: $912,824.34

| Name of Payee | Amount of Restitution |

SEE PAGE 7 OF THIS JUDGMENT FOR A LIST OF VICTIM BANKS OWED RESTITUTION.

Payments of restitution are to be made to:

__X__ the United States Attorney for transfer to the payee(s).

____ the payee(s).

Restitution shall be paid:

____ in full immediately.

____ in full not later than _____.

____ in equal monthly installments over a period of _____ months. The first payment is due on the date of this judgment. Subsequent payments are due monthly thereafter.

__XX__ in installments according to the following schedule of payments: The defendant shall pay total restitution in the amount of $912,824.34 as directed by the Probation Office. The defendant shall pay $109,000.00 in restitution within 180 days from the date of sentencing. The defendant shall pay one-third of the $109,000.00 in restitution no later than sixty (60) days after sentencing, one-third no later than one hundred twenty (120) days after sentencing, and the balance no later than one hundred eighty (180) days after sentencing. Additional restitution payments are to be deducted defendant's inmate recovery payment program while incarcerated, with the remaining balance to be paid within five years of defendant's incarceration, in equal monthly installments, commencing 30 days after defendant's release from custody.

Any payment shall be divided proportionately among the payees named unless otherwise specified here.

## FORFEITURE

____ The defendant is ordered to forfeit the following property to the United States:

EXHIBIT D

# UNITED STATES DISTRICT COURT

Western District of Washington

UNITED STATES OF AMERICA
v.

DAVID MICHAEL HENSEL
(Name of Defendant)

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: CR93-0196D

PETER OFFENBECHER
Defendant's Attorney

FILED / LODGED / ENTERED / RECEIVED
AUG 6 1993
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

RECEIVED AUG 0 6 1993
FEDERAL PUBLIC DEFENDER

THE DEFENDANT:

X   pleaded guilty to count(s) **I - VII of the Information**
___ was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involved the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|

**PLEASE SEE PAGE 2 OF THIS JUDGMENT FOR OFFENSE INFORMATION**

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___ The defendant has been found not guilty on count(s) _____, and is discharged as to such count(s).

___ Count(s) _____ (is)(are) dismissed on the motion of the United States.

X   It is ordered that the defendant shall pay a special assessment of $350.00, for count(s) **I through VII** which shall be due _X_ immediately ___ as follows:

IT IS FURTHER ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:

Defendant's Date of Birth:

Defendant's Mailing address:
c/o Kent City Jail
Kent, WA

Defendant's Residence Address:
same

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington
By /s/ S. Lindberg
Deputy Clerk

LIS WIEHL
Assistant United States Attorney

08-06-93
Date of Imposition of Sentence

Signature of Judicial Officer

CAROLYN R. DIMMICK
United States District Judge
Name & Title of Judicial Officer

8-6-93
Date

29

Defendant: David Michael Hensel
Case Number: CR93-01_JD

Judgment—Page 7 of 8

XHIBIT
E

| **Name of Payee** | **Amount of Restitution** |

Key Bank of Washington
P.O. Box 11500 MS 8881
Tacoma, WA 98411                         $252,402.00 (Counts I and III)

Key Bank of Washington
P.O. Box 11500 MS 8881
Tacoma, WA 98411                         $423,770.00 (Counts IV and VI)

Seafirst Corporate Security
P.O. Box 3586 - Suite 2424
Seattle, WA 98124-2477                   $236,200.00 (Count V)

Washington Mutual Savings and Loan       $452.34 (Count VII)
1201 Third Ave.
Seattle, WA 98101
Attn: Corporate Security

** Date and location of robbery must be noted on money order or cashiers check.

GRAND TOTAL - $912,824.34

2:93-CR-0196-1

## Proof of Service

I, David M Hensel, do solemnly swear, that on February 9, 2021, I mailed a complete copy of my "MOTION FOR RELIEF FROM RESTITUTION AND EXPIRED JUDGEMENT LIEN" to the U.S. Attorney's office located at 700 Stewart St., Ste 5220 Seattle, WA 98101 via United States Postal Service, certified with return receipt for delivery.

```
_____ FILED
_____ LODGED    MAIL
_____ RECEIVED

FEB 11 2021
        AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                      DEPUTY
```

Date: February 9, 2021

David M Hensel
71 S 6th St
Port Townsend, WA 98368
360-301-9012
triedlostfound@yahoo.com

David Hanson
615 S. 6th St
Port Townsend WA 98368

U.S. District Court Clerks office
700 Stewart ST
Suite 2310
Seattle, WA 98101

CERTIFIED MAIL
7017 3040 0000 6682 9582

FILED
LODGED
RECEIVED
MAIL
FEB 11 2021
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

U.S. POSTAGE PAID
PM-LG ENV
98368 TOWNSEND, WA
FEB 09, 21
AMOUNT
$9.05
R2304P118809-9

David Hensel
71 S. 6th St
Port Townsend WA 98368

U.S. District Court Clerks Office
700 Stewart St
Suite 2310
Seattle, WA 98101

CERTIFIED MAIL
7017 3040 0000 6682 9582

U.S. POSTAGE PAID
FCM LG ENV
PORT TOWNSEND, WA
98368
FEB 09, 21
AMOUNT
$9.05
R2304P118809-9

FILED
LODGED
RECEIVED
FEB 11 2021
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

MAIL