UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID MICHAEL HENSEL,<br><br>Defendant. | Case No. CR93-196-RSL<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM RESTITUTION AND EXPIRED JUDGMENT LIEN |

This matter comes before the Court on defendant's *pro se* "Motion for Relief from Restitution and Expired Judgment Lien." Dkt. # 82. Having reviewed the memoranda of the parties and the record contained herein, the Court finds as follows:

## I.     BACKGROUND

On August 6, 1993, the Court sentenced defendant on a conviction of seven counts of armed bank robbery. Dkts. # 28, # 82 at 2, # 83 at 2. For this conviction, the Court originally imposed a sentence of 180 months in prison and restitution in the amount of $912,824.34. Id. Defendant was released from prison on April 11, 2006. Dkt. # 84-1. As of March 10, 2021, defendant still owed $194,974.35 in restitution. Dkt. # 84-2.

After entry of the 1993 judgment, the government recorded a lien set to expire on August 6, 2013, twenty years after the date of judgment. Dkts. # 82 at 11, # 83 at 2. At the time the government initially recorded its lien, the Victim and Witness Protection Act of 1982 (the "VWPA") set the expiration of a criminal judgment lien at "twenty years after the entry of the judgment," or "upon the death of the individual fined." 18 U.S.C. § 3613(b) (amended 1996).

ORDER DENYING DEFENDANT'S
MOTION FOR RELIEF - 1

1 Congress later passed the Mandatory Victim Restitution Act of 1996 (the "MVRA"), which
2 amended the VWPA. The MVRA extended the restitution liability period to last until "*the later*
3 *of* 20 years from the entry of judgment *or 20 years after the release from imprisonment of the*
4 *person ordered to pay restitution.*"[1] 18 U.S.C. § 3613(b) (emphasis added). Thus, under the
5 MVRA's extended restitution liability period, an individual released in 2006 subsequent to the
6 entry of a judgment would be liable until 2026. In August 2018, the government re-recorded its
7 lien. Dkt. # 82 at 12. The Court issued a writ of garnishment against defendant in September
8 2018, Dkt. # 84-3, and defendant requested a hearing because he believed the government's
9 action was in error. See generally Request for Hearing, United States v. Hensel, No. 2:18-cv-
10 01549-RAJ (W.D. Wash. 2018) (Dkt. # 6). In the garnishment action, the Court denied
11 defendant's request for a hearing, Dkt. # 84-4, and ultimately issued a continuing garnishment
12 order on November 24, 2020. Dkt. # 84-5. Defendant did not appeal from the Court's orders.

## II. DISCUSSION

The Court finds that defendant's motion for relief fails for the two reasons proffered by the government: (1) claim preclusion bars defendant's motion for relief; and (2) Ninth Circuit precedent forecloses defendant's argument. See Dkt. # 83 at 4–11.

First, defendant's motion raises the same argument that the Court previously found unavailing in the garnishment action, namely, that his liability to pay restitution expired in 2013 based on the law in effect at the time of his sentencing, under the theory that the MVRA's extension of the restitution liability period does not apply to him because his sentencing predated the MVRA. Compare Request for Hearing, United States v. Hensel, No. 2:18-cv-01549-RAJ (W.D. Wash. 2018) (Dkt. # 6) with Dkt. # 82. The Court previously rejected defendant's argument when it denied defendant's motion for a hearing and issued a continuing garnishment order, see Dkts. # 84-4, # 84-5, and defendant did not appeal from the Court's orders in the garnishment action. The Court agrees with the government that claim preclusion

---

[1] Although not pertinent to defendant's claim for relief, the MVRA also provides that [i]n the event of the death of the person ordered to pay restitution, the individual's estate will be held responsible for any unpaid balance of the restitution amount." 18 U.S.C. § 3613(b).

ORDER DENYING DEFENDANT'S
MOTION FOR RELIEF - 2

applies here because there are: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties." Dkt. # 83 at 4–9 (applying the elements of claim preclusion to the facts of the instant motion). An "identity of claims" exists because: the government's right to enforce defendant's restitution order through 2026—established through the Court's ruling in the garnishment action—would be destroyed by a contrary decision here; the same evidence has been presented in both actions (defendant's sentencing date, the criminal judgment and restitution order, the MVRA's extension of the restitution liability period, and defendant's 2006 release from prison); the two actions involve the same alleged infringement regarding the Ex Post Facto Clause of the Constitution and application of the MVRA's extended restitution liability period; and the actions arise out of the same transactional nucleus of facts (defendant's conviction and restitution order, the MVRA's extension of the restitution liability period, defendant's 2006 release from prison, and the government's efforts to enforce its restitution order). See Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 690 (9th Cir. 2005) (describing the factors for determining whether an "identity of claims" exists). A final judgment on the merits occurred when the Court entered a "Continuing Garnishment Order." See Dkt. # 84-5; United States v. Swenson, 971 F.3d 977, 982 (9th Cir. 2020) ("a disposition order [under 28 U.S.C. § 3205(c)(7) . . . concludes litigation of the writ on the merits and is thus a final judgment for purposes of appeal."). And the same parties who litigated the garnishment action are involved in the present motion. Therefore, because the Court has already considered and rejected defendant's claim, defendant's claim is barred.

Second, even if defendant's claim were not barred by claim preclusion, Ninth Circuit precedent dooms defendant's argument. The Ninth Circuit has held that the MVRA's extension of the restitution liability period applied to another defendant's 1993 judgment and comported with the Ex Post Facto Clause of the Constitution. United States v. Blackwell, 852 F.3d 1164, 1166 (9th Cir. 2017) (per curiam). "After the MVRA was enacted, [the defendant] remained liable for the same amount of fines and restitution as he was prior to the enactment. The MVRA merely increased the time period over which the government could collect those fines and restitution." Id. Because this "procedural" change extending the restitution liability period "did

ORDER DENYING DEFENDANT'S
MOTION FOR RELIEF - 3

not affect [the defendant's] substantive rights," the Ninth Circuit held that there was no Ex Post Facto Clause violation and it was appropriate to apply the MVRA's extended restitution liability period. Id. Accordingly, in light of binding Ninth Circuit precedent, defendant's argument also fails on the merits.[2]

### III.  CONCLUSION

For all of the foregoing reasons, the Court DENIES defendant's motion for relief (Dkt. # 82).

IT IS SO ORDERED.

DATED this 16th day of March, 2021.

*[signature]*
Robert S. Lasnik
United States District Judge

---

[2] Defendant additionally argues that the Ninth Circuit's Blackwell decision did not consider language regarding the MVRA's prospective application, and he cites two unreported Eleventh Circuit decisions holding that district courts erred in applying the MVRA's extension of the restitution liability period to defendants convicted before 1996. Dkt. # 82 at 3 (citing United States v. Walker, 698 F. App'x 584, 585 (11th Cir. 2017) (per curiam); United States v. Duke, 739 F. App'x 970, 972–73 (11th Cir. 2018) (per curiam)). Contrary to the government's assertion in its response, see Dkt. # 83 at 11, both of these Eleventh Circuit cases interpreted the MVRA language upon which defendant relies: that MVRA amendments will "be effective for sentencing proceedings in cases in which the defendant is convicted *on or after* the date of enactment" of the MVRA, i.e., after April 24, 1996. Pub. L. No. 104-132, § 211, 110 Stat. 1214, 1241 (1996) (emphasis added); see Walker, 698 F. App'x at 585; Duke, 739 F. App'x at 972. Nevertheless, the Court cannot set aside the Ninth Circuit's decision. See Hart v. Massanari, 266 F.3d 1155, 1170 (9th Cir. 2001) ("A district judge may not respectfully (or disrespectfully) disagree with his learned colleagues on his own court of appeals who have ruled on a controlling legal issue."). Moreover, the Court agrees with the reasoning outlined in the order that denied defendant's motion for a hearing in the garnishment action. See Dkt. # 84-4 at 3 (concluding that the MVRA language defendant relies upon pertains to "sentencing proceedings," not to post-judgment proceedings enforcing a restitution order after it has been imposed).

ORDER DENYING DEFENDANT'S
MOTION FOR RELIEF - 4